

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:14CR176 |
| | § | |
| JAMISON ROSS ELLIS | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

On January 12, 2016, the Court held a hearing on Defendant's Opposed Motion to Withdraw Defendant's Plea (Dkt. 74), the matter having been referred to the undersigned by the Honorable Marcia A. Crone (*see* Dkt. 79).

To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must look at the following factors: (1) whether the defendant has asserted his innocence; (2) whether the government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *U.S. v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984). After hearing the evidence presented and the arguments of counsel and reviewing the record before it, the Court finds that the *Carr* factors do not weigh in Defendant's favor.

Defendant seeks to withdraw his guilty plea, given to the undersigned on June 19, 2015 and adopted by the District Judge on July 10, 2015. Defendant argues that "that he did not understand

the plea agreement when he signed it and entered his plea." Dkt. 74. In subsequent *pro se* correspondence on the record and at the hearing before the Court, Defendant had indicated that he did not willingly or voluntarily enter into his plea. *See* Dkt. 78.

At the hearing, Defendant testified regarding his request to withdraw his plea and his claim that he did not make his guilty plea voluntarily.[1] According to Defendant, he did not agree to the information reflected in his PSI. Defendant also argues that he was not advised of the sentencing range he now faces when all counts to which he pleaded guilty are taken into consideration, including the consecutive nature of some of the sentencing ranges.

Defendant also takes issue with the "Waiver of Constructive Amendment of Indictment" filed on September 9, 2015, after his plea was adopted. *See* Dkt. 55. Counsel represents that this waiver was executed and filed so that the record would fully reflect the parties' agreement prior to the preparation of the PSI. Defendant signed the waiver. Defendant concedes it that the signature on the waiver does appear to be his signature but argues that he did not knowingly and willfully sign the document.

The Court has reviewed the record regarding Defendant's guilty plea. Although the manner in which the parties presented their plea agreement to the Court (including the submission of the "Waiver of Constructive Amendment of Indictment" ) certainly was no model of clarity, the Court is satisfied that the plea of guilty was willingly and knowingly made by Defendant as to all counts.

---

[1]At the hearing, Defendant's counsel indicated that Defendant made his request to withdraw his plea against the advice of counsel and had been advised of potential consequences of seeking to withdrawal his plea.

The record does not support Defendant's claims that he did not make his plea voluntarily. As indicated by the audio recording of Defendant's plea hearing, the Court specifically questioned Defendant under oath about whether his plea was freely and voluntarily made and whether anyone had forced or threatened Defendant. Defendant agreed that his plea was voluntary and not the result of coercion.

This Court also warned Defendant of the consequences of pleading guilty at the plea hearing, and Defendant stated at the hearing that he fully understood the factual basis of his plea and signed a factual statement to that effect. "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).

Defendant was also cautioned at the plea hearing that the District Court is not bound by the sentencing guidelines or the stipulations of the parties as to the offense levels. As conceded by his counsel, at the plea hearing before the undersigned, Defendant also stated the he understood that the sentences for certain counts would run consecutively.

The Court also notes that, in addition to the oral plea colloquy, Defendant also signed a "Consent to Administration of Guilty Plea and Fed. R. Crim. P. 11 Allocution by United States Magistrate Judge" in conjunction with his guilty plea, stating that he was making the plea of his own free will and was not forced to plead guilty. *See* Dkt. 41. Defendant simply has not shown that the original plea was not knowingly and voluntarily entered into, as required by *Carr*.

The remaining *Carr* factors also do not weigh in Defendant's favor. Critically, Defendant has not asserted any innocence as to his involvement in the allegations of bank robbery against him.

The Court further notes that Defendant signed the consent form specifically stating that he was guilty of the offense charged. *See* Dkt. 41. This factor weighs against him.

Further, although the Court finds that Defendant did not delay in the filing of his motion, the Court notes that Defendant was removed from the trial docket based on his plea of guilty and a pre-sentence report was prepared and issued. For these reasons, the Court finds that the withdrawal would also substantially inconvenience the Court and would waste judicial resources.[2]

As to his representation, the Court finds nothing to indicate that Defendant has not had close and effective assistance of counsel throughout the pendency of this suit.

Because the plea cannot be withdrawn based on the *Carr* factors, Defendant should not be permitted to withdraw his plea of guilty in this case. His motion should be denied in its entirety.

## RECOMMENDATION

The Court recommends that the District Court DENY Defendant's Opposed Motion to Withdraw Defendant's Plea (Dkt. 74).

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within the time period set forth above shall bar an aggrieved party from *de novo* review

---

[2] Although the Government argues that it would also be prejudiced, the reasons for such prejudice are not specifically clear to the Court. Therefore, the Court considers this factor to be neutral in its analysis.

by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 22nd day of January, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE